# EXHIBIT 4

| | |
|---|---|
| **From:** | Salky, Steven M. |
| **Sent:** | Friday, August 25, 2017 12:56 PM |
| **To:** | Evan@CFWLegal.com |
| **Cc:** | Cotton, Rachel; vgurvits@bostonlawgroup.com |
| **Subject:** | Response to your revised schedules |

Evan:

Thank you for your late night email and your consideration of my request to narrow the subpoena.

However, your revised schedules largely remain over broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome. The underlying case is about Buzzfeed's publication of the December 13 Memorandum. Discovery about Fusion's engagement or hiring (Areas of Inquiry Nos. 2,3,6), Fusion's client or payments (Areas of Inquiry Nos. 3,7), the engagement of Chris Steele or any other any other contractor (Areas of Inquiry Nos . 4, 10; Document Request 10), or all information about your clients (Areas of Inquiry Nos. 17-19; Document Requests 2-4), just to give a few examples, remain well outside the ambit of appropriate discovery in this case.

Plus, you already know from Chris Steele's pleadings in the parallel Gubarev case in England the answers to many of your areas of inquiry, including, by way of example only, what led to the creation and preparation of the December memo (Areas of Inquiry Nos. 8, 9), and the provision of the Dossier, including the December memo, to third parties (Areas of Inquiry No. 15 and Document Request 11).

Compelling Fusion, a third party, to both search for documents and to prepare for a Rule 30b6 deposition on already known matters is clearly "unduly burdensome."  In fact, as we have discussed, the broad discovery you seek appears designed to advance your clients' case against Chris Steele/Orbis in England much more than your case against Buzzfeed, thereby rendering your Rule 45 subpoena improper.  In these circumstances, I would ask you to substantially revise your requests to the few areas that actually matter in the Buzzfeed case

Further, as we have discussed, many of your document requests and areas of inquiry seek privileged information. Particularly because much of what you seek is both protected by Fusion's and their client(s) First Amendment privilege and is not crucial to your case against Buzzfeed, much of the discovery you seek is impermissible. *See generally Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., & its Locals 1093, 558 & 25 v. Nat'l Right to Work Legal Def. & Ed. Found., Inc.*, 590 F.2d 1139, 1152 (D.C. Cir. 1978); *Black Panther Party v. Smith*, 661 F.2d 1243, 1266 (D. C. Cir. 1981)(setting out test for discovery when First Amendment interests are at stake); *see also NAACP v. Alabama*, 357 U.S. 449 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010); *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 455 (D.D.C. 2002); *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3 (D.D.C. 2002).

In particular, you continue to seek Fusion's client or clients in connection with the creation of the Dossier (Area of Inquiry No. 3).  That information is protected from disclosure by the First Amendment privilege. *See US v. Garde*, 673 F. Supp. 604, 607 (D.D.C. 1987).

Additionally, you continue to seek the name of the source or sources for the December memo (Document Requests 1,7,8,9 and Area of Inquiry No. 5), which confidential information is specifically protected from discovery both by the First Amendment privilege, *see id.*, but also under any balancing of the interests under Rule 45, *see, e.g., Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv., Co.*, 151 F.R.D.

1

478, 482–83 (D.D.C. 1993); *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402–03 (1st Cir. 2005).

Given the substantial First Amendment and confidentiality interests at stake, substantial revisions to your subpoena would be necessary before we could agree to appear without judicial intervention.

Let us know if you want to discuss these matters further, which I can arrange to do today or Monday.

Respectfully,
Steve