# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.

_____/

## AMENDED ANSWER OF DEFENDANTS BUZZFEED, INC. AND BEN SMITH TO PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendants BuzzFeed, Inc. and Ben Smith ("Smith" and collectively, "Defendants"), answer the Complaint for Damages (the "Complaint") of Plaintiffs Aleksej Gubarev ("Gubarev"), XBT Holding S.A. ("XBT"), and Webzilla, Inc. ("Webzilla," and collectively, "Plaintiffs") as follows, using the same headings and paragraph numbering employed by Plaintiffs:

### INTRODUCTORY STATEMENT

1.    Defendants admit that on January 10, 2017, BuzzFeed published an article entitled *These Reports Allege Trump Has Deep Ties to Russia* (the "Article"), accompanied by a 35-page page intelligence dossier (the "Dossier"). Defendants respectfully refer the Court to the Article and Dossier (attached to the Complaint as Exhibits 2 and 3) for their true content and meaning. Except as so referred and admitted, Defendants deny each and every allegation in paragraph 1 of the Complaint.

{01073556;v2}    1

2. Defendants respectfully refer the Court to the Article and Dossier for their true content and meaning, and except as so referred, Defendants deny each and every allegation in paragraph 2 of the Complaint.

3. Defendants respectfully refer the Court to the Article and the Dossier for their true content and meaning, admit that they did not contact Plaintiffs prior to publishing the Dossier, and except as so admitted deny each and every allegation in paragraph 3 of the Complaint.

4. Defendants admit that the Article had nearly six million total non-unique page views as of February 3, 2017, and that BuzzFeed published additional articles about the Dossier containing links back to the Article and Dossier. Except as so admitted, Defendants deny each and every allegation in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions that require no response, and factual allegations for which Defendants lack sufficient information to form a belief as to the truth or falsity thereof, and on that basis deny.

## PARTIES

6. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and on that basis deny each and every one of them.

7. Defendants admit that XBT is incorporated in Luxembourg, deny that it has offices in Florida, and lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 of the Complaint, and on that basis deny each and every one of them.

8. Defendants admit that Webzilla is incorporated in Florida, but, except as so admitted, deny each and every allegation in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit that Smith resides in Brooklyn, New York, and is Editor-in-Chief of BuzzFeed News.

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

11. Paragraph 11 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants do not contest this Court's subject-matter jurisdiction.

12. Paragraph 12 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants deny each and every allegation in paragraph 12, and specifically deny that this Court has personal jurisdiction over either of them.

13. Paragraph 13 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants deny each and every allegation in paragraph 13, and specifically deny that this Court has personal jurisdiction over either of them, in whole or in part.

14. Paragraph 14 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants deny each and every allegation in paragraph 14.

15. Paragraph 15 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants admit that Plaintiffs sent the letter referred to in paragraph 15 and, except as so admitted, deny each and every allegation in paragraph 15.

## FACTUAL ALLEGATIONS

16. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and on that basis deny each and every one of them.

17. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, and on that basis deny each and every one of them.

18. Paragraph 18 of the Complaint contains legal conclusions that require no response, and factual allegations for which Defendants lack sufficient information to form a belief as to the truth or falsity thereof, and on that basis deny.

19. Defendants admit that Webzilla is incorporated in Florida, deny that Webzilla has an office in Fort Lauderdale, Florida, and lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 19 of the Complaint, and on that basis deny each and every one of them.

20. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint, and on that basis deny each and every one of them.

21. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint, and on that basis deny each and every one of them.

22. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint, and on that basis deny each and every one of them.

23. Defendants admit that they published the Article on January 10, 2017, and respectfully refer the Court to the Article and the Dossier for their true content and meaning. Defendants also admit that the Article had more than 5.9 million total non-unique page views as of February 3, 2017. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 23 of the Complaint.

24. Defendants admit that they published the Dossier along with the Article. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 24 of the Complaint.

25. Defendants respectfully refer the Court to the Article and Dossier for their true content and meaning. Except as so referred, Defendants deny each and every remaining allegation in paragraph 25 of the Complaint.

26. Defendants admit that the Dossier included the words quoted in paragraph 26 of the Complaint. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 26.

27. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint, and on that basis deny each and every one of them.

28. Defendants admit that they have not contacted Gubarev regarding the allegations in the Dossier. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 28 of the Complaint, and on that basis deny each and every one of them.

29. Defendants admit that the Article contained the words quoted in paragraph 29 of the Complaint, respectfully refer the Court to the Article and the Dossier for their true content

and meaning. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 29.

30. Defendants deny each and every allegation in paragraph 30 of the Complaint.

31. Defendants admit that, in an interview with MSNBC's MTP Daily aired on or about January 11, 2017 (the "MSNBC Interview"), Mr. Smith stated "Once…it emerges, as it did last night, in the public conversation that there is this secret document floating around, full of dark allegations that we will not repeat to you. That I feel like, in this era, you really have to show your readers what that is, in an appropriate context. And our original report, I mean, if you read what we wrote, it stressed that there were real solid reasons to distrust this. It noted two specific errors," and respectfully refer the Court to that interview for its true content and meaning. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 31 of the Complaint.

32. Defendants admit that they did not redact the words "XBT/Webzilla" OR "Alexei GUBAROV" from the Dossier when they initially published it. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 32 of the Complaint.

33. Defendants admit that BuzzFeed's publication of the Article and Dossier touched off debate about the appropriateness of publishing the Dossier, with journalists and journalism experts taking both sides of the debate. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 33 of the Complaint.

34. Defendants admit that BuzzFeed has published a number of additional articles related to the Dossier and that some of those articles contain links to the Article and Dossier. Except as so admitted, Defendants deny each and every remaining allegation in paragraph 34 of the Complaint.

30.     The paragraph immediately following paragraph 34 of the Complaint is misnumbered paragraph 30. Defendants admit that Mr. Smith published an article in the *New York Times* on January 23, 2017, entitled *Why BuzzFeed News Published the Dossier* (the "New York Times Article") and that he discussed BuzzFeed's decision to publish the Dossier in television interviews. Defendants respectfully refer the Court to the New York Times Article and the other unspecified interviews referred to in the misnumbered paragraph 30 for their true content and meaning. Except as so referred and admitted, Defendants deny each and every remaining allegation in this paragraph.

35.     Defendants admit that in the New York Times Article, Mr. Smith wrote that "BuzzFeed News decided to publish the dossier, with appropriate context and caveats…only after we had spent weeks with reporters in the United States and Europe trying to confirm or disprove specific claims," and respectfully refer the Court to that article for its true content and meaning. Except as so referred and admitted, Defendants deny each and every remaining allegation in paragraph 35 of the Complaint.

36.     Defendants admit that, in January 15, 2017 interview with CNN's Reliable Sources, Mr. Smith stated that "we, like you, I think like you, like certainly other outlets who we ran across in the reporting, we're staking out places where we thought we could get information in Europe. We're running it down every way we could." Defendants also admit that Mr. Smith stated in the MSNBC Interview that "we, like many other organizations, had had it for weeks. We had reporters in Europe and the United States trying to stand up or knock down specific details." Defendants respectfully refer the Court to both of those interviews for their true content and meaning, and, except as so referred and admitted, Defendants deny each and every remaining allegation in paragraph 36 of the Complaint.

37. Defendants admit that Mr. Smith wrote an article published in the Columbia Journalism Review November 17, 2016 entitled *How tech and media can fight fake news*, and that the article included the words in the block quotation in paragraph 37 of the Complaint. Defendants respectfully refer the Court to that article for its true and content and meaning, and, except as so referred and admitted, Defendants deny each and every remaining allegation in paragraph 37 of the Complaint.

## COUNT I – DEFAMATION AND DEFAMATION PER SE

38. Defendants repeat and reallege each and every admission, denial, and referral made in response to paragraphs 1 through 37 of the Complaint (including the misnumbered paragraph 30) as if made in response to paragraph 38 of the Complaint.

39. Defendants deny each and every allegation in paragraph 39 of the Complaint.

40. Defendants deny each and every allegation in paragraph 40 of the Complaint.

41. Defendants deny each and every allegation in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions that require no response. To the extent that any response is required, Defendants deny each and every allegation in paragraph 42.

43. Defendants deny each and every allegation in paragraph 43 of the Complaint.

44. Defendants deny each and every allegation in paragraph 44 of the Complaint.

45. Defendants deny each and every allegation in paragraph 45 of the Complaint.

46. Defendants deny each and every allegation in paragraph 46 of the Complaint.

47. Defendants deny each and every allegation in paragraph 47 of the Complaint.

48. Defendants deny each and every allegation in paragraph 48 of the Complaint.

49. Defendants deny each and every allegation in paragraph 49 of the Complaint.

50. Defendants deny each and every allegation in paragraph 50 of the Complaint.

51. Defendants deny each and every allegation in paragraph 51 of the Complaint, deny that Plaintiffs are entitled to an award of punitive damages, and further deny that Florida law applies to this case.

Defendants deny each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

This Court does not have personal jurisdiction over Defendants, in whole or in part. By pleading and preserving this defense, Defendants are not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on it.

### Second Defense

Defendants' publication of the allegedly defamatory statements in the Dossier, within the context of the Article, is protected by the fair report privilege pursuant to New York Civil Rights Law § 74 and/or the New York state constitution. In the alternative, Defendants' publication of the allegedly defamatory statements is protected by the fair report privilege pursuant to Florida common law and/or the Florida constitution, or Texas law pursuant to Tex. Civ. Prac. & Rem. Code § 73.002(b)(1) and the Texas constitution.

### Third Defense

Defendants' publication of the allegedly defamatory statements in the Dossier, within the context of the Article, is protected by a neutral report privilege pursuant to the common law, the First and Fourteenth Amendments to the Constitution of the United States, and the New York (or, in the alternative), Florida, or Texas constitutions.

{01073556;v2}                                 9

### Fourth Defense

Defendants' publication of the allegedly defamatory statements in the Dossier, within the context of the Article, is protected by the First and Fourteenth Amendments to the Constitution of the United States, the New York Constitution, and (in the alternative), the Florida and/or Texas constitutions.

### Fifth Defense

Plaintiffs are public figures and cannot meet their burden to prove actual malice by clear and convincing evidence.

### Sixth Defense

Plaintiffs have failed to mitigate their alleged damages.

### Seventh Defense

Exemplary or punitive damages are not recoverable because Defendants did not act with either common-law malice or constitutional malice.

### Eighth Defense

Any claim for exemplary or punitive damages is barred by the First and Fourteenth Amendments to the Constitution of the United States, the New York, Florida and/or Texas constitutions, and New York, Florida and/or Texas law.

**WHEREFORE**, Defendants respectfully request that:

1. Judgment be entered in their favor, and the Complaint against them be dismissed with prejudice;

2. Defendants be awarded their costs, disbursements, and attorneys' fees; and

3. The Court grant Defendants such further and other relief as is just and proper.

{01073556;v2}                               10

Date: June 29, 2017

                                            LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard
Miami Center, 22nd Floor
Miami, FL 33131
Tel: (305) 403-8788
Fax: (305) 403-8789

By: */s/ Lawrence A. Kellogg, P.A.*
Lawrence A. Kellogg, P.A.
Florida Bar No. 328601
Jezabel P. Lima
Florida Bar No. 519431

Katherine M. Bolger
(admitted *pro hac vice*)
Nathan Siegel
(admitted *pro hac vice*)
Adam Lazier
(admitted *pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
Tel: (212) 850-6100

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2017, the foregoing was filed with the Court's CM/ECF Service, which will provide electronic notice to counsel of record to:

Brady J. Cobb, Esquire
Dylan M. Fulop, Esquire
COBB EDDY, PLLC
*Local Counsel for Plaintiffs*
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: (954) 527-4111
Facsimile: (954) 900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

Valentin D. Gurvits, Esquire
BOSTON LAW GROUP, PC
*Lead Counsel for Plaintiffs*
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel: (617) 928-1804
Fax: (617) 928-1802
vgurvits@bostonlawgroup.com

By: */s/ Lawrence A. Kellogg, P.A.*
LAWRENCE A. KELLOGG, P.A.