UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re Third Party Subpoena to Fusion GPS   Case No. 18-mc-60528 (UU)

_____/

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,
                 Plaintiffs,   Case No. 17-cv-60426 (UU)

vs.

BUZZFEED, INC. AND BEN SMITH,

                 Defendants.

_____/

## ORDER ON RECAST MOTION TO QUASH OF NON-PARTY FUSION GPS

This cause is before the Court on the Recast Motion To Quash By Nonparty Fusion GPS (D.E. 44). The motion is to directed Plaintiffs' subpoenas seeking documents from Fusion GPS and requiring Fusion GPS's corporate representative to submit to a Rule 30(b)(6) deposition for use in the case *Aleksej Gubarev, et. al. v. Buzzfeed, Inc., et.al,* Case No. 17-cv-60426-UU in the United States District Court for the Southern District of Florida. The motion is fully briefed and ripe for disposition.

By way of background, Fusion GPS is a Washington, D.C.-based consulting firm that conducts research for commercial and political interests, including opposition research concerning candidates for public office. Plaintiffs seek discovery from Fusion GPS regarding its role in the production of a 35-page dossier (the Dossier") consisting of several memoranda assembled "for political opponents of Trump by a person who is understood to be a former British Intelligence agent." The memoranda, in fact, were authored by Christopher Steele, a

1

former MI6 Russia expert, who was retained, or whose company, Orbis Business Intelligence Limited ("Orbis"), was retained, by Fusion GPS to conduct opposition research into then-Candidate Donald Trump's activities in Russia. Buzzfeed's publication of the Dossier, particularly the final memorandum, is the subject of a single defamation claim in this Court. As published by Buzzfeed, the pertinent portion of that memorandum stated:

> ▇▇▇▇▇▇▇ reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data, and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Alexei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH were significant players in this operation. In Prague, COHEN[1] agreed [sic] contingency plans for various scenarios to protect the operation, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and other operators were stood down/able to go effectively to ground to cover their traces. (We reported earlier that the involvement of political operatives Paul MANAFORT and Carter PAGE in the secret TRUMP-Kremlin liaison had been exposed in the media in the run-up to Prague and that damage limitation of these also was discussed by COHEN with the Kremlin representatives).

*See Gubarev*, D.E. 1-2 ¶ 26.

## LEGAL FRAMEWORK

Fusion GPS's motion to quash relies on several objections including lack of relevance, overbreadth, and burdensomeness. It also asserts that many of the requests and areas of inquiry seek the disclosure of confidential business relationships and sources and "implicate Fusion GPS's First Amendment rights."

With respect to lack of relevance and the related concept of overbreadth, Federal Rule of Civil Procedure 26(b)(1) provides that the scope of discovery is determined initially by what is relevant to the claims and defenses of any party to a lawsuit. *See* Federal Rules of Civil Procedure 26(b)(1) ("Parties may obtain discovery regarding nonprivileged matter that is

---

[1] "COHEN" refers to Michael Cohen, then-candidate Donald Trump's lawyer. D.E. 1-2, p. 18.

2

relevant to any party's claim or defense and proportional to the needs of the case..."). In this case, the core issues include the truth or falsity of the alleged defamatory statements, Buzzfeed's state of mind in making its publication decision, whether Buzzfeed's publication proximately cause Plaintiffs' damages, and whether for purposes of the fair reporting privilege a "public proceeding" concerning the Dossier was pending when it was published.

Formerly, relevancy under the rule was broadly construed to encompass any possibility that the information sought might be relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26, cmt to 2015 Amendment; Hon. Elizabeth D. Laporte, Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26*, 9 Fed. Cts. L. Rev. 19, 20 (2015). However, under the 2015 amendments to the discovery rules, the broad construction of relevancy that was accorded in federal proceedings is now constrained by the concept of proportionality. Rule 26(b)(1) currently provides:

> The court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

To the extent parties cannot reach agreement on what is proportional, courts look to the parties to present facts substantiating the parties' respective positions. *See, e.g., See, e.g., Wreal LLC v. Amazon.com, Inc.*, No. 14-21385-CIV, 2014 WL 12160650, at *3 (S.D. Fla. Nov. 14, 2014). In the procedural posture of a motion to quash a subpoena served on a third party, this Court looks to Fusion GPS, as the movant, to satisfy an initial burden of producing facts substantiating its claims that Plaintiffs' discovery requests are unduly burdensome or privileged. *See, e.g., id.* (citing *Am. Standard Inc. v. Pfizer*, 828 F.2d 734, 741 (Fed. Cir. 1987)). To that end,

3

In this regard, Fusion GPS has supplied the Declaration of Peter Fritsch (D.E. 1-11), a Fusion GPS partner, and a John Doe affidavit (D.E. 1-14) of a Fusion GPS client who asserts that disclosure of his identity in response to a discovery request would deter him from employing Fusion GPS in the future.[2]

Finally, with respect to Fusion GPS's contention that the requests or areas of inquiry "implicate" its First Amendment rights, the Court adopts Judge Leon's conclusion that Fusion GPS's commercial relationships with its clients are not protected from disclosure by the First Amendment even though the opposition research it conducts on behalf of clients may be political in nature. *See Bean LLC v. John Doe Bank*, 291 F. Supp. 3d 34 (D.D.C. 2018). In *Bean*, Judge Leon collected cases addressing First Amendment challenges to subpoenas directed at businesses involved in political activity, and held that "[w]hile the opposition research Fusion conducted on behalf of its clients may have been political in nature, Fusion's commercial relationship with those clients was not, and thus that relationship does not provide Fusion with some special First Amendment protection from subpoenas." *See id.* at 46–47 (citing *United States v. Bell*, 414 F.3d 474, 485 (3d Cir. 2005) (tax professional's customer list not protected); *IDK, Inc. v. Cty. of Clark*, 836 F.2d 1185, 1193–95 (9th Cir. 1988) (escort-client relationship not protected); *In re Grand Jury Subpoena Served Upon PHE, Inc.*, 790 F.Supp. 1310, 1317 (W.D. Ky. 1992) (commercial relationship between publisher and customers not protected). Fusion's position vis-à-vis its clients and business activities here is no different than it was in *Bean*, and accordingly, its persistent First Amendment objection is overruled.[3]

---

[2] To the extent Fusion GPS seeks to withhold information on the basis of privilege or on the basis that it is subject to protection, the Court notes that Rule 45(2), Fed. R. Civ. P. required Fusion GPS to "describe the nature of the withheld documents, communications, or tangible things, in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

[3] The Court also notes that in his testimony before the House Permanent Select Committee on Intelligence, Glenn Simpson revealed some of Fusion GPS's clients, fee arrangements, terms of engagement, and that he disclosed information about the Dossier to the media, all of which undermine Fusion GPS's claimed First Amendment

With these considerations in mind, the Court turns to the individual discovery requests.

## ANALYSIS

**Area of Inquiry No. 1. General background concerning Fusion GPS, its ownership the scope of its business, and the operation of same.**

    **Objections:** Lack of relevance and undue burden on Fusion GPS's private affairs.

    **Ruling:** Overruled in part.

This area of inquiry has some relevance to the claims in this case because the information sought will assist Plaintiffs in developing the narrative regarding how the Dossier came into existence and Fusion GPS's role in its production. However, much of this information is already publicly available, including from the testimony of Glenn Simpson, a founder of and partner in Fusion GPS, before the Senate Judiciary Committee and the U.S. House of Representatives Permanent Select Committee on Intelligence. It also has the potential for requiring the disclosure of clients and sources. In order to insure proportionality, the Court will permit the inquiry provided it is brief, conducted at a high level of generality and does not require the disclosure of sources or clients other than have previously been disclosed by Simpson or other representatives of Fusion GPS in their appearances before Congressional committees.

**Area of Inquiry No.2: Fusion GPS's engagement to conduct the research that led directly or indirectly to the creation of the December Memo.**

    **Objections**: Not relevant, requires disclosure of confidential business relationships and "implicates" Fusion GPS's First Amendment rights.

    **Ruling:** Overruled.

---

protection here. *See Gubarev*, D.E. 176-8, pp. 7, 11–13, 22–25, 48, 80–81, 103–105. As to Fusion GPS's sources, Plaintiffs have agreed not to pursue their identities, and therefore, this objection is moot as to them.

This area of inquiry is relevant to the claims asserted in this case because the information sought will assist the Plaintiffs in developing facts which bear on the truth or falsity of the alleged defamatory statements. *See generally Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986) (holding that when the defendant is a media company and the matter is of public concern, the plaintiff must prove falsity regardless whether he is a public or private figure). For example, Plaintiffs should be able to inquire into the identity of the client, if any, for whom the December memo was created and the terms of the engagement in order to determine whether the client directly or indirectly influenced its content. In making this ruling, the Court recognizes that Fusion GPS has asserted in other contexts that it had no client for whom the December memo was prepared, but Plaintiffs should have the opportunity to test that position by confronting Fusion GPS's corporate representative in a deposition.

Additionally, Fusion GPS cannot maintain the position on one hand that it had no client for the preparation of the December memo and maintain on the other hand that its response to this area of inquiry will require the disclosure of confidential business relationships. If there was no client, Fusion GPS is obligated to say so. *See Bean*, 291 F. Supp. 3d at 46; *FEC v. Automated Bus. Servs.*, 888 F.Supp. 539, 541–42 (S.D.N.Y. 1995). And, as noted above, the identity of the client, if there was a client, could be relevant to the truth or falsity of the alleged defamatory statements, depending on the client's role in the preparation of the December memo, and also would be fair game for impeachment given Fusion GPS's prior assertions that the December memo was prepared after its client relationship had ended.

**Area of Inquiry No. 3: Fusions GPS's client or clients in connection with the creation of the Dossier.**

**Objections:** Identity of clients is already in public domain, December memo was created after client engagement ended, the identities of the clients was unknown to Buzzfeed when it published and the area of inquiry "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Overruled.

Plaintiffs represent that the sole purpose of this inquiry is to establish on the record of the deposition what Fusion GPS has maintained publicly: that it had no client in connection with the preparation of the December memo. For the reasons, stated above the Court will allow the inquiry to this extent.

However, the inquiry encompasses the preparation of the entire Dossier— not just the December memo—and the Court interprets the objections to be lack of relevance and undue burden due to the discovery being duplicative or available from other sources. While the identity of the client(s) may already be in the public domain, the parties should be able to establish the identities of the clients in a deposition that could be used at trial in this case because their identities are part of the narrative explaining how the Dossier cam to be created and to establish the extent to which the identity of the clients or the interactions with the client might have had on the subject matter and accuracy of the matters reported in the Dossier, including the December memo.

**Area of Inquiry No.4: Fusion GPS's use and/or engagement of contractors or subcontractors in connection with the Dossier.**

**Objections:** Lack of relevance, requires the disclosure of confidential business information, "implicates" fusion's First Amendment Rights.

**Ruling:** Sustained in part as follows:

The arrangement by which Fusion GPS retained Steele or Orbis and whether, as Glenn Simpson has testified in Congressional hearings, Fusion GPS regularly relies on contractors and subcontractors has some relevance to Plaintiffs in developing for the jury the narrative regarding the creation of the December memo but is otherwise irrelevant. Therefore, the Court will permit inquiry into Steele's or Orbis's status as a Fusion GPS contractor or subcontractor and whether that arrangement was consistent with Fusion GPS's business practice at the time that Steele or Orbis was retained, but no more than that.

**Area of Inquiry No. 5. The sources of information for the December memo.**

**Document Request No. 1: The December memo in its unredacted form.**

**Ruling: Sustained.**

The Court understands that Plaintiffs have agreed not to pursue this inquiry and request. Therefore, the objection to the disclosure of confidential sources is sustained.

**Area of Inquiry No. 6: The hiring of Fusion GPS to compile or produce the Dossier.**

**Objections:** Lack of relevance and overbroad because not limited to December memo, would require disclosure of confidential business relationships, "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Overruled.

The terms upon which Fusion GPS was engaged which led to the preparation of the Dossier has some relevance because such inquiry will assist Plaintiffs in developing for the jury the context in which the December memo was created. Therefore, the Court will permit Plaintiffs to inquire into the circumstances which led to Fusion GPS's retention and the relation of that engagement to the hiring of Steele or Orbis and the preparation of the December memo. Further, the Court is unpersuaded by the assertions of Peter Fritsch on behalf of Fusion GPS that the

identity of its clients for this engagement is confidential. The Court finds his assertions to be wholly conclusory and, therefore, utterly unpersuasive.

**Area of Inquiry No. 7. Payments made to Fusion GPS in connection with the Dossier.**

**Objections:** Lack of relevance, overbroad, unduly burdensome, requires the disclosure of confidential business information, "implicates" Fusion GPS's first Amendment rights..

**Ruling:** Sustained in part as follows.

Plaintiffs should be able to complete its narrative for the jury regarding how the December memo came to be created and whether the production of the December memo or its contents were affected by financial considerations. Therefore, Plaintiffs may inquire with regard to whether Fusion GPS was compensated in connection with the preparation of the Dossier, the compensation terms, and whether and in what amount any compensation was paid to Fusion GPS in connection with the preparation or dissemination of December memo. However, if no compensation was paid to Fusion GPS in connection with the December memo, Plaintiffs may not inquire into the amounts paid for the remainder of the Dossier because the amounts would be irrelevant. In this regard, the Court has considered whether disclosure of the terms of Fusion GPS's compensation in the preparation of the Dossier would require the disclosure of confidential business information in light of the representations in the Fritsch and John Doe declarations. The assertions, which are essentially conclusory, fail to persuade the Court that disclosure of this information is deserving of protection.

**Area of Inquiry No. 8: All steps taken by Fusion GPS, and/or those working on its behalf, to obtain information that led to the creation of the December memo.**

**Objections:** Lack of relevance, undue burden, not proportional to the needs of the case, "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Overruled.

This area of inquiry is highly relevant to the truth or falsity of the statements contained in the December memo. Additionally, the Court finds unpersuasive the conclusory assertions of confidentiality contained in the Fritsch Declaration.

**Area of Inquiry No. 9. The preparation of the December memo.**

**Objections:** Lack of relevance, unreasonably cumulative, unduly burdensome, "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Overruled in part.

The circumstances of the preparation of the December memo are highly relevant to the truth or falsity of the statements that are at the heart of this case. Additionally, the Court is unpersuaded that inquiry into such circumstances will duplicate Steele's testimony because neither Fusion GPS nor the parties have been able to provide a transcript of his deposition or otherwise inform the Court of the substance of his testimony on this subject. However, even if his testimony were available, Plaintiffs should be afforded the opportunity to develop additional or contradictory testimony on the subject, assuming that Fusion GPS has any information to impart. The Court is also unpersuaded by the conclusory claims of confidentiality put forward in the Fritsch Declaration but recognizes that the parties to this dispute have agreed not to inquire into sources of information for the December memo; therefore, to that extent, questioning will not be permitted.

**Area of Inquiry No. 10: The engagement of Christopher Steele in connection with the Dossier.**

10

**Objections:** Lack of relevance, unduly burdensome and unreasonably cumulative, "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Overruled.

This area of inquiry is relevant to the claims asserted in this case because the information sought will assist Plaintiffs in developing facts which bear on the truth or falsity of the defamatory statements. For example, Plaintiffs should be allowed to inquire into what Steele was told by Fusion GPS's representatives regarding the nature and objectives of the assignment and what use would be made of the information he developed.

There is no evidence in the record to suggest that such inquiry would be cumulative and Fusion GPS's conclusory claims of undue burden are plainly outweighed by the significant relevance of the proposed inquiry.

**Area of Inquiry No. 11: Fusion's efforts (or lack of efforts) to verify allegations in the December memo.**

**Objections:** Lack of relevance and "implicates" Fusion GPS's first Amendment rights.

**Ruling:** Overruled.

Fusion GPS's efforts to verify or disprove the allegations concerning Plaintiffs in the December memo and the outcome of those efforts could be highly relevant to whether the alleged defamatory statements are true or false.

**Area of Inquiry No. 12: The provision of the Dossier, including the December memo, to media outlets.**

**Objections:** Lack of relevance, "implicates" Fusion GPS's First Amendment rights.

11

**Ruling:** Overruled.

This area of inquiry is highly relevant to the issue of whether Buzzfeed's publication of the December memo proximately caused Plaintiffs' damages. Additionally, this area could be relevant to Buzzfeed's state of mind if Fusion GPS, through its representatives, cautioned Buzzfeed regarding the veracity of any of the statements in the Dossier before it was published. The Court recognizes that Fusion GPS denies that it had any such communications with Buzzfeed pre-publication, but Plaintiffs should be able to establish that fact on the record of the deposition.

**Area of Inquiry No. 13: Communications between Fusion GPS and Buzzfeed concerning the Dossier and, in particular, the December Memo and information contained therein.**

**Document Request No. 5: All communications between Fusion GPS and Buzzfeed concerning the Dossier.**

**Objections:** Lack of relevance, overly broad, undue burden, unduly cumulative and available for other sources.

**Ruling:** Overruled.

These communications—even communications post-publication—could be highly relevant to Buzzfeed's knowledge regarding the truth or falsity of the statements in the December memo before it was published and its motivations for publishing the Dossier. Additionally, Fusion GPS has failed to explain in any meaningful way how it would be unduly burdened by being required to disclose such communications. Similarly, Fusion GPS has failed to substantiate its contention that the request is unduly cumulative; there are only two parties with this information—Fusion GPS and Buzzfeed—and Plaintiffs should be able to test the

veracity of the testimony on this subject by questioning both. The Court notes, however, Fusion GPS's representation that it searched for documents responsive to Request No. 5 and found none.

**Area of Inquiry No. 14: Communications between Fusion GPS and Ben Smith concerning the Dossier and, in particular, the December Memo and information contained therein.**

**Document Request No. 6: All communications between Fusion GPS and Ben Smith regarding the Dossier.**

>**Objections:** Lack of relevance, overbroad, undue burden, unreasonably cumulative.

>**Ruling:** Overruled for the same reasons stated with regard to Area of Inquiry No. 13. However, with respect to the document request, the Court notes Fusion GPS's representation that it searched for pre-publication written communications and found none.

Ben Smith is a Defendant in this action and the Editor-in-Chief of Buzzfeed who allegedly made the decision to publish the Dossier. *See Gubarev* D.E. 1-2 ¶ 1. Therefore, this area of inquiry substantially overlaps Area of Inquiry No. 13 and the Court perceives no functional difference between the two requests that would dictate a different result.

**Area of Inquiry No. 15: The provision of the Dossier and/or the December memo to other third parties.**

**Document Request No. 11: All documents concerning the provision of the Dossier and/or the December memo to third parties.**

>**Objections:** Lack of relevance, undue burden, overbroad, "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Overruled in part as follows.

Whether, when, and under what circumstances the Dossier was provided by anyone, including Fusion GPS, to elected and non-elected representatives of the United States government is highly relevant to Buzzfeed's reliance on the fair reporting privilege, provided the questioning is limited to conduct and communications pre-dating Buzzfeed's publication of the Dossier. Additionally, the area of inquiry and document request are relevant, without limitation, to proximate causation because Plaintiffs contend that Buzzfeed's publication of the December memo was the sole cause of their reputational damages. Finally, the Court finds no undue burden based on the conclusory assertions contained in the Fritsch Declaration.

**Area of Inquiry No. 16: Communications with others concerning the Dossier and, in particular, the December Memo and the allegations contained therein.**

**Objections:** Lack of relevance, undue burden, overbroad, "implicates" Fusion GPS's First Amendment rights...

**Ruling:** Overruled on the same basis as the Court's ruling on Area of Inquiry No. 15.

**Areas of Inquiry Nos. 17, 18, and 19: Any and all information concerning Alksej Gubarev, XBT Holdings, S.A., and Webzilla, Inc.**

**Document Requests Nos. 2,3,4: All documents concerning Aleksej Gubarev, XBT Holdings, S.A., and Webzilla, Inc.**

**Objections:** Lack of relevance, undue burden, overbroad, potentially requires the disclosure of the identity of confidential sources and "implicates" Fusion GPS's First Amendment rights.

**Ruling:** Sustained in part.

The request is overbroad. However, Plaintiffs claim the purpose of this area of inquiry is to verify that Fusion GPS had no information regarding the Plaintiffs prior to the December memo. While the relevance of this limited inquiry is doubtful, the Court does not perceive any harm from the limited inquiry and will allow it.

Additionally, it is apparent to the Court that any information in Fusion GPS's possession that is directly relevant to the truth or falsity of the specific allegedly defamatory statements is discoverable because it would be highly relevant to Plaintiffs' defamation claim. Therefore, Plaintiffs may inquire into any information that Fusion GPS has that substantiates or refutes the specific statements in the December memo that Plaintiffs claim are defamatory.

**Document Request No. 10: All communications with Christopher Steele concerning the December memo.**

**Objections:** Lack of relevance, requires disclosure of confidential sources, "implicates' Fusion GPS's First Amendment rights.

**Ruling:** Overruled in part as follows:

The Court accepts the proposition that the identity of confidential sources should be protected from disclosure and, therefore expects their identities to be redacted from all production. *See, e.g., Mgmt. Info. Techs., Inc. v. Alyeska Pipeline Serv., Co.*, 151 F.R.D. 478, 482–83(D.D.C. 1993). However, subject to redaction, the documents sought are relevant to the truth or falsity of the alleged defamatory statements and the legitimacy of Buzzfeed's reliance on the fair reporting privilege and should be produced.

**Document Requests Nos. 7, 8 and 9: All documents reflecting or relating to the sources of information concerning Aleksej Gubarev, XBT Holdings, Inc. and Webzilla.**

**Objections**: Undue burden, not proportional, overbroad and cannot survive balancing of interests pursuant to Rule 45, Fed. R. Civ. P.

**Ruling:** Sustained in part as follows:

The parties have agreed not to pursue the identities of the sources and the Court agrees that identities of sources should be redacted from any documents responsive to these requests. The Court also agrees that these requests should be limited to documents bearing on the credibility or reliability of the sources of the information concerning these Plaintiffs that appears in December memo. With these limitations, and after considering the Fritsch and John Doe Declarations, the Court finds no undue burden warranting an order of protection. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Recast Motion to Quash (D.E. 44) is GRANTED IN PART AND DENIED IN PART as described in this order. It is further

ORDERED AND ADJUDGED that the matter *In re Third Party Subpoena to Fusion GPS*, **18-mc-60528-UU** is CLOSED for administrative purposes.

DONE and ORDERED this _24th_ day of July, 2018 at Miami, Florida.

UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf